# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 20, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| JIANGYUE WANG, | * | |
| | * | |
| Petitioner, | * | No. 16-1211V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, for Petitioner.
*Lara A. Englund*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 27, 2016, Jiangyue Wang ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she suffered Guillain-Barré syndrome as a result of receiving an influenza ("flu") vaccination on November 5, 2015. *See* Petition, ECF No. 1. On August 22, 2019, the parties filed a stipulation, which the undersigned adopted as her Decision awarding compensation on the same day. Decision, ECF No. 64.

On October 14, 2019, Petitioner filed an application for final attorneys' fees and costs. ECF No. 68 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $76,744.62, representing $64,798.30 in attorneys' fees and $11,946.32 in attorneys' costs. Fees App. at 11. Pursuant to General Order No. 9, Petitioner states that she has not incurred any costs

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

related to this litigation. *Id.* Respondent responded to the motion on October 15, 2019, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 69. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

**a.  Reasonable Hourly Rates**

Petitioner requests the following hourly rates for her attorneys: for Mr. Michael McLaren, $410.00 per hour for work performed in 2015, $425.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, $456.00 per hour for work performed in 2018, and $464.00 per hour for work performed in 2019; Mr. William Cochran, Jr., $345.00 per hour for work performed in 2015, $355.00 per hour for work performed in 2016, $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, and $391.00 per hour for work performed in 2019; and for Mr. Chris Webb, $295.00 per hour for work performed in 2015, $305.00 per hour for work performed in 2016, $315.00 per hour for work performed in 2017, $326.00 per hour for work performed in 2018, and $338.00 per hour for work performed in 2019.

Upon review, Mr. McLaren's 2018 rate exceeds the 2018 OSM Fee Schedule and what the undersigned has previously awarded Mr. McLaren. *See Teter v. Sec'y of Health & Human Servs.*,

No. 17-1801V, 2019 WL 2406958, at *2 (Fed. Cl. Spec. Mstr. May 17, 2019). Mr. McLaren's work in 2018 shall be compensated at $455.00 per hour, resulting in a reduction of $8.50.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned has noted several minor issues which, when taken together, warrant a reduction to the overall billed hours. Paralegals routinely billed for administrative tasks, such as tracking and processing invoices for medical records and filing documents. Many routine court filings were reviewed by two or sometimes three individuals, which is excessive in the undersigned's experience (e.g., three individuals billing for review of a scheduling order over three days on 12/12/17-12/14/17 and a notice of appearance on 2/22/18). There also appear to be several instances of duplicative entries. For example, Mr. McLaren's work on 7/26/18 and 7/29/18 is identical. Mr. Webb has two entries on 9/30/19 to "get check out" to the client. Mr. McLaren billed twice to review the notice of reassignment to a new special master on 12/1/17 and 12/4/17.[3] The undersigned has also noticed an excessive amount of interoffice communication, particularly between the two paralegals assigned to this case as well as duplicate work between the paralegals in receiving and handling records. While the firm is certainly free to utilize its staff in the way it feels they are best suited to aide the case, billing judgment must also be exercised to make sure that overbilling from overstaffed cases does not occur. In this case, the billing records give the impression that much of the paralegal work overlapped in a way that created a greater amount of work for everyone to manage.

In sum, the undersigned has reviewed the submitted billing records and finds that a five percent reduction is warranted. This results in a reduction of $3,239.24. Petitioner is therefore awarded final attorneys' fees of $61,550.56.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $11,946.32 in attorneys' costs. Fees App. at 2. This amount is comprised of acquiring medical records, the Court's filing fee, postage, travel by Mr. Webb to meet with Petitioner, and for expert work performed by Dr. M. Eric Gershwin. All of these costs are typical of Vaccine Program litigation and most are reasonable in the undersigned's experience and have been supported with adequate documentation. There are two exceptions, both concerning Mr. Webb's

---

[3] These are merely examples and are not meant to be an exhaustive list of all such duplicative or excessive entries.

food charges while traveling to meet with Petitioner. First. Mr. Webb charged $40.00 for a lunch at the Ritz Carlton. This cost has no receipt supporting it, and it does not appear to be subsumed in Mr. Webb's larger bill at the hotel for two nights and various meals. Second, Mr. Webb seeks reimbursement for $120.36 for a meal at the Capitol Grille. The submitted documentation reflects that the actual amount of the meal was $140.36 and that Mr. Webb reduced the requested amount to make it more reasonable. However, $120.36 is still on its face an excessive amount to expend on one meal, and the undersigned shall not reimburse this cost. Accordingly, the requested attorneys' costs are reduced by $160.36 and Petitioner is awarded final costs of $11,785.96.

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $64,798.30 |
| (Reduction to Fees) | - ($3,247.74) |
| **Total Attorneys' Fees Awarded** | **$61,550.56** |
| | |
| Attorneys' Costs Requested | $11,946.32 |
| (Reduction to Costs) | **-** ($160.36) |
| **Total Attorneys' Costs Awarded** | **$11,785.96** |
| | |
| **Total Amount Awarded** | **$73,336.52** |

**Accordingly, the undersigned awards a lump sum in the amount of $73,336.52, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Michael McLaren.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Katherine E. Oler</u><br>
Katherine E. Oler<br>
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).